Michelle Quist (Utah Bar No. 13559)
Tucker F. Levis (Utah Bar No. 17793)
**BUCHALTER, LLP**
60 E. South Temple, Suite 1200
Salt Lake City, Utah 84111
Telephone: (801) 401-8688
mquist@buchalter.com
tlevis@buchalter.com

*Attorneys for Plaintiff*
(additional counsel on signature page)

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAPARAZZI, LLC d/b/a PAPARAZZI ACCESSORIES, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> GERALDINE SOUZA, an individual, <br><br> Defendant. | **MOTION TO SEAL** <br><br> Civil No. 4:26-cv-00037 |

Pursuant to DUCivR 5-3, Plaintiff Paparazzi, LLC d/b/a Paparazzi Accessories, LLC ("Paparazzi"), by and through its undersigned counsel, respectfully moves the Court for entry of an order sealing certain portions of the Confidential Settlement Agreement and Release between Paparazzi and Defendants Geraldine Souza ("Souza") and Jennifer Carrol ("Carroll") (the "Confidential Settlement Agreement"), attached as Exhibit A to Paparazzi's Complaint (ECF No. 1-1), as well as certain limited portions of the Complaint (ECF No. 1) that quote provisions of the Confidential Settlement Agreement that contain Paparazzi's sensitive business information. The Court previously granted a nearly identical motion to seal that Paparazzi filed in the related action

captioned *Paparazzi v. Sorenson, et al.*, 4:22-cv-00028-DN-PK (the "Related Action"). (4:22-cv-00028-DN-PK, ECF Nos. 150 and 154).

**BACKGROUND**

As set forth in Paparazzi's Complaint, Souza has violated the non-disparagement provision contained in the Confidential Settlement Agreement by making several false and injurious claims against Paparazzi in (1) a video that she posted to the Facebook page for her online business on or about October 7, 2025 and (2) in a November 18, 2025 post on her personal Facebook page and related comments. As part of its Complaint, Paparazzi refers to the provisions in the Confidential Settlement Agreement prohibiting Souza from disparaging Paparazzi and allowing for injunctive relief and accordingly attached the document as support for the allegations contained in its Complaint. The parties, however, never intended the Confidential Settlement Agreement to become public because although it contained an exception in its confidentiality provision for the use of the document in case of a breach, the parties bargained extensively for rigorous provisions in the Confidential Settlement Agreement to prevent a breach and to prevent the Confidential Settlement Agreement from being made public. Paparazzi is now faced with the situation that in order to obtain the relief it is contractually entitled to as a result of Souza's breach of the Confidential Settlement Agreement, it must file the Confidential Settlement Agreement with this Court in support of the Claims and allegations asserted in its Complaint. Accordingly, Paparazzi files this Motion to Seal requesting the Court allow it to file a redacted version of the Confidential Settlement Agreement (and portions of the Complaint quoting the same) and to seal the redacted portions.

## GROUNDS FOR MOTION

The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The right of public access to judicial records, however, is 'not absolute' as 'every court has supervisory power over its own records and files." *United States v. Walker*, 761 F.App'x 822, 835 (10th Cir. 2019) (quoting *Nixon*, 435 U.S. at 598). The party seeking to deny access must establish that sufficiently significant interests "heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "[A]ny denial of public access to the record must be 'narrowly tailored to serve the interest' being protected by sealing or restricting access to the records." *Walker*, 761 F.App'x at 835 (quoting *Press-Enter. Co. v. Superior Ct. of Cal. for Cnty. of Riverside*, 478 U.S. 1, 13-14 (1986)). Here, there are significant interests that heavily outweigh the public interest in the few portions of the Confidential Settlement Agreement that Paparazzi proposes the Court seal.

*First*, the parties bargained for confidentiality when they agreed in the Paparazzi Policies and Procedures to arbitrate any disputes instead of litigating them in public court with public dockets. (Decl. of Trent Kirby in Support of Motion to Seal ("Kirby Declaration"), ¶ 4, **attached hereto as Exhibit A**.) This was important to Paparazzi and it enforced that arbitration provision when this Court, in the Related Action, ultimately granted Paparazzi's motion to compel Souza's claims to arbitration based on the Policies and Procedures. (ECF No. 140.)

*Second*, the parties continued to bargain for confidentiality by executing the Confidential Settlement Agreement and including an express provision providing that the document would be confidential and prohibiting the parties from disclosing the terms:

7. **Confidentiality.** The Parties agree and acknowledge confidentiality as a material term of this Agreement, in the absence of which the Parties would not agree to execute this Agreement. The Settling Parties agree: (1) to keep the terms, content, substance, and existence of this Agreement other than as set forth below, including the facts, circumstances, and/or claims giving rise to this Agreement confidential; (2) to not verbally, non-verbally, expressly, or implicitly communicate, publicize, or otherwise disclose the terms, content, substance, or existence of, or the facts and allegations giving rise to the Litigation that is the subject of this Agreement to any person or entity other than the Settling Parties; and (3) to not transfer an original or any copy of this Agreement to any other person or entity other than the Settling Parties. For the avoidance of doubt, the Settling Parties may disclose this Agreement to their counsel and tax advisors, which expressly shall not include Tracey Reid. In the event of inquiry regarding whether Claimants settled their disputes with the Paparazzi Parties, Claimants or their counsel shall respond by stating they have no comment or stating, "we resolved the dispute and Litigation to each Parties' satisfaction, but I cannot discuss the terms of the resolution," and they may not provide any quantitative or qualitative information about the terms other than as set forth in this Agreement. Notwithstanding the foregoing, the Settling Parties may disclose the terms, contents, substance of, and copies of this Agreement if: (a) asserting any claims or defenses arising in an action to enforce this Agreement; (b) ordered to do so by a court of competent jurisdiction; (c) disclosure is required to accountants (with the exception of Tracy Reid) and state taxing authorities, under federal securities laws, and as otherwise required by law; (d) served with a subpoena or other request for discovery or testimony in a legal proceeding; or (e) disclosure is requested by governmental authorities. If (b), (d), or (e) of this Section occurs, the Party shall notify the other Party within five (5) business days of the respective order, service, or request to the extent legally permitted. If an unredacted version of this Agreement is ordered to be produced by a court of competent jurisdiction, the Agreement shall be produced as confidential under a confidentiality agreement or protective order. Nothing in the foregoing shall be construed to apply to information disclosed, publicized or communicated prior to the Effective Date (e.g., by filings, internet postings, etc.). Notwithstanding, no Party may continue to disclose such information after the Effective Date, even if such information had already been disclosed prior to the Effective Date.

Pursuant to this provision, all of the terms contained in the Confidential Settlement Agreement are confidential, and the parties intended those terms to be protected from public disclosure. Moreover, the confidentiality provision itself expressly states that confidentiality is a material term of the Confidential Settlement Agreement, and it was specifically and mutually bargained for

during the negotiation of the same. (Ex. A ¶¶ 6-7.) Without the confidentiality provision, Paparazzi would not have entered into the Confidential Settlement Agreement. *Id.* ¶ 6.

*Third*, the only reason Paparazzi is in the position of having to disclose the Confidential Settlement Agreement, and its terms, is because *Souza* violated the non-disparagement provision in the Confidential Settlement Agreement leaving Paparazzi with no choice but to move to enforce the provisions in the Confidential Settlement Agreement. Courts in this Circuit have noted this as a factor in deciding to seal documents. *See Borsody v. Federal Express Corp.*, Case No. 2:24-cv-02073-HLT-ADM, 2025 WL465913, at *6 (D. Kan. Jan. 28, 2025) ("The fact that the parties agreed to keep the settlement confidential is not, standing alone dispositive of whether to seal these records. But the parties did have such an agreement, and the only reason the out-of-court settlement has been detailed on the Court's docket is because of Plaintiff's decision to not move forward with the terms she agreed to. Thus, it was Plaintiff's unilateral action that has brought the otherwise confidential settlement into public view.").

*Fourth*, Paparazzi has not placed the provisions of the Confidential Settlement Agreement that it seeks to seal at the center of this controversy. *See Cincinnati Insur. Co. v. Blue Cross and Blue Shield of Kansas*, No. 22-3154, 2023 WL 4881438, at *3 (10th Cir. Aug. 1, 2023) ("Though Cincinnati and Blue Cross urge confidentiality of the settlement terms, they placed those terms 'at the center of this controversy.' To resolve that controversy, we must consider the terms of their settlement."). For example, Paparazzi is not seeking for this Court to approve the Confidential Settlement Agreement. *See Borsody*, 2025 WL465913, at *6 ("Additionally, courts are more reticent to seal settlement agreements when they are brought before the court specifically for approval of the settlement."). As the Court can plainly see in the unredacted copy of the

Confidential Settlement Agreement that has been provided to the Court and parties for *in camera* review, the provisions of the Confidential Settlement Agreement that are the subject of this Motion to Seal, are unrelated to the non-disparagement provisions that form the basis of the TRO Motion, and therefore, are not relevant to the underlying motion.

*Finally*, Paparazzi's Motion is narrowly tailored to redact and request sealing of only information related to one provision. *See Walker*, 761 F. App'x at 835; *see also* DUCivR 5-3(b)(2)(A) (requiring that a motion to seal must be "narrowly tailored to seek protection of only the specific information the party alleges in truly deserving of protection"). Given the nature of the relief sought in the Complaint—seeking liquidated damages and to prohibit Souza from further breaching the Confidential Settlement Agreement by disparaging Paparazzi—and given Souza's history of seeking to misappropriate and disclose Paparazzi's confidential business information (*see* Compl. ¶¶ 14-27), Paparazzi seeks through this Motion to seal only the terms specifically containing sensitive business information unrelated to the subject of the Complaint. *See OL Priv. Couns., LLC v. Olson*, No. 2:21-CV-00455, 2023 WL 8792577, at \*3 (D. Utah Dec. 19, 2023) (granting motion to seal salary information because it constituted sensitive business and financial information and was not relevant to the underlying motion)*; Hark'n Techs., Inc. v. Orange Whip Fitness X, LLC*, No. 1:21-CV-00054-CMR, 2025 WL 721329, at \*2 (D. Utah Jan. 3, 2025) ("[I]t has typically been this court's practice to seal confidential information "where its disclosure could cause competitive harm."). If disclosed to the public, these terms would likely result in competitive harm to Paparazzi. (Ex. A ¶ 7.)

In this case, the presumption of public access is outweighed by the countervailing interest of protecting Paparazzi from suffering competitive harm, and Paparazzi's Motion to Seal should be granted.

## **CONCLUSION**

For the reasons detailed herein, Paparazzi respectfully moves this Court for an order granting Paparazzi's Motion to Seal thereby permitting Paparazzi to file a redacted version of the Confidential Settlement Agreement (and redacted Complaint quoting certain portions of the Confidential Settlement Agreement that contain Paparazzi's sensitive business information) and prohibiting the public disclosure of those redacted terms by any party to the case throughout the remainder of this action, by filing them on the public docket or through any other means.

[*signatures on next page*]

Respectfully submitted this 7th day of April, 2026.

**BUCHALTER, P.C.**

By: */s/ Tucker F. Levis*
    Michelle Quist (Utah Bar No. 13559)
    Tucker F. Levis (Utah Bar No. 17793)
    60 E. South Temple, Suite 1200
    Salt Lake City, Utah 84111
    Telephone: (801) 401-8688
    mquist@buchalter.com
    tlevis@buchalter.com

**NELSON MULLINS RILEY**
**& SCARBOROUGH LLP**

Robert L. Lindholm (*pro hac vice* forthcoming)
301 South College Street, 23rd Floor
Charlotte, NC 28202
(704) 417-3000
robert.lindholm@nelsonmullins.com

Wesley T. Moran (*pro hac vice* forthcoming)
3751 Robert M. Grissom Parkway
Myrtle Beach, SC 29577
(843) 946-5686
wes.moran@nelsonmullins.com

*Attorneys for Plaintiff*